UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSE E. SANTIAGO, *pro se*,  :
                                                         Plaintiff,  :    **MEMORANDUM & ORDER**
                                                                   :    15-CV-4381 (DLI)(CLP)
     -against-                                        :

CROWN HEIGHTS CENTER FOR NURSING AND  :
REHABILITAION, d/b/a MARCUS GARVEY  :
RESIDENTIAL REHAB PAVILION, and MAFUTU  :
SADIKU,  :
                                                         Defendants.  :
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 27, 2015, *pro se* Plaintiff Jose E. Santiago ("Plaintiff") commenced this action against his former employer, Crown Heights Center for Nursing and Rehabilitation, d/b/a Marcus Garvey Residential Rehab Pavilion (the "Marcus Garvey Center," or "Center"), and Mafutu Sadiku (collectively, "Defendants"), alleging claims for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et. seq.* (*See generally* Compl., Dkt. Entry No. 1.) Plaintiff's request to proceed *in forma pauperis* is denied as he clearly has sufficient income, savings, and other assets to pay the filing fee. (*See* Dkt. Entry No. 2.) For the reasons set forth below, the Complaint is dismissed in part, with leave to amend in conformity with this decision, and Plaintiff is directed to pay the filing fee, at the latest together with the amended complaint or else the Complaint will be dismissed in its entirety.

## BACKGROUND

Plaintiff alleges that his former employer, the Marcus Garvey Center, terminated his employment "[a]s part of a systematic pattern to rid itself of older workers." (Compl. ¶ 8.) In

support of his claim, Plaintiff alleges that he worked in an accounting capacity at the Center for over 15 years, without receiving any negative performance reviews or being subject to any disciplinary action. (*See Id.*) In fact, Plaintiff alleges that his performance was "always satisfactory or better," and "often exceeded the company's required expectations." (Compl. ¶ 8 with Ex. 1.)

Nevertheless, beginning in 2010, the Center's management allegedly undertook a course of action to replace all accounting personnel, aged 50 or older, with younger, more inexperienced employees. (*See* Compl. ¶ 8.) According to Plaintiff, this led to the termination of two bookkeeping employees, who were replaced by substantially younger individuals. (*See Id.*) As a result, Plaintiff was forced to train replacements and take on other new job responsibilities, but received no additional compensation for this extra work. (*See* Ex. 1.)

In 2011, Plaintiff's new supervisor, Mafutu Sadiku, allegedly sought to terminate the only remaining accounting personnel who were over 50 years old. (*See* Compl. ¶ 8.) Thus, on October 7, 2011, the Center terminated an accounts payable bookkeeper, who was 58 years old at the time, and also terminated Plaintiff, who was 65. (*See Id.*) Plaintiff's position subsequently was filled by a much younger employee. (*See Id.*) In addition to his age, Plaintiff believes that his race and national origin played a role in his termination. (*See Id.* ¶ 7.) The EEOC issued a Notice of Right to Sue on April 30, 2015. (*See* Ex. 1.)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Furthermore, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint that "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

In reviewing Plaintiff's pleadings, the Court is mindful that a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and should be interpreted "to raise the strongest arguments that [it] suggest[s]." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). In addition, a court generally should not dismiss a *pro se* complaint without granting leave to amend if there is any indication a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Individual Liability

Title VII does not provide for individual liability, even against those with supervisory control; instead, only the employer may be named. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)). The same holds true with respect to claims brought pursuant to the ADEA. *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) ("[T]he ADEA precludes individual liability."); *Rozenfeld v. Dep't of Design and Constr. of City of New York*, 2012 WL 2872157, at *6 (E.D.N.Y. July 12,

2012) (noting that neither Title VII nor the ADEA provides for individual liability) (citing *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)); *Garibaldi v. Anixter, Inc.*, 407 F.Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under *any* of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.") (emphasis in original). Accordingly, the Complaint is dismissed as to Defendant Mafutu Sadiku, with prejudice, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Title VII

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show: (1) membership in a protected class; (2) qualification for the job; (3) an adverse employment action; and (4) circumstances surrounding the action that give rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010).

Here, plaintiff fails to plead facts sufficient to state a claim of employment discrimination under Title VII. *See Ruston v. Town Bd. for Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (while *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff still must plead sufficient facts to make out a plausible claim.) Although the form Complaint filed by Plaintiff checks off "race" and "national

origin" as bases for his Title VII claim, (*see* Compl. ¶ 7), Plaintiff does not plead any facts connecting Defendants' alleged conduct to his Filipino ethnic background. Instead, the factual allegations in the Complaint exclusively concern Plaintiff's age discrimination claim.

Accordingly, Plaintiff's Title VII claim is dismissed for failure to state a cause of action. *See* 28 U.S.C. § 1915(e)(2)(B). Nevertheless, bearing in mind Plaintiff's *pro se* status, leave to amend should be granted if a liberal reading of the pleadings "gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112. Because the Court cannot rule out the possibility that Plaintiff may have a valid claim for race and national origin discrimination, Plaintiff is granted leave to file an amended complaint NO LATER THAN MARCH 25, 2016, setting forth factual allegations to support his Title VII claim.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is denied as he clearly has sufficient income, savings, and other assets to pay the filing fee.

For the foregoing reasons, the Complaint is dismissed in part. The Complaint is dismissed as against Mafutu Sadiku, with prejudice. However, Plaintiff's age discrimination claim against his former employer, Crown Heights Center for Nursing and Rehabilitation, d/b/a Marcus Garvey Residential Rehab Pavilion, may proceed, but only upon Plaintiff's payment of the $400 filing fee. Until this filing fee is paid, no summons will issue. Moreover, if the filing fee is not paid on or before March 25, 2016, the entire action will be dismissed.

Plaintiff's Title VII claim for race and national origin discrimination is dismissed for failure to state a cause of action. However, Plaintiff is granted leave to file an amended complaint by NO LATER THAN MARCH 25, 2016. In the amended complaint, Plaintiff must

5

plead facts to support a plausible claim that his former employer discriminated against him in violation of Title VII on the basis of his race and/or national origin. If Plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order. For the convenience of *pro se* Plaintiff, "Instructions on How to Amend a Complaint" are attached. If Plaintiff fails to file an amended complaint on or before March 25, 2016, his Title VII claim automatically will be dismissed with prejudice, and this action shall proceed only with respect to his age discrimination claim. Plaintiff is reminded that, if he does not pay the $400 filing fee by March 25, 2016, this action will be dismissed. No summons shall issue until the filing fee is paid.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 24, 2016

/s/
DORA L. IRIZARRY
United States District Judge