UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE E. SANTIAGO,                              :
                                               :     **MEMORANDUM AND ORDER
                              Plaintiff,       :     ADOPTING IN PART AND MODIFYING
                                               :     IN PART REPORT AND
           -against-                           :     RECOMMENDATION**
                                               :     15-CV-4381 (DLI) (CLP)
CROWN HEIGHTS CENTER FOR NURSING               :
AND REHABILITATION, et al.,                    :
                                               :
                              Defendants.      :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On July 27, 2015, Plaintiff Jose E. Santiago ("Plaintiff"), proceeding *pro se*,[1] brought this action against Defendants Crown Heights Center for Nursing and Rehabilitation ("Crown Heights"), d/b/a Marcus Garvey Residential Rehab Pavilion ("Marcus Garvey"), and Mafutu Sadiku[2] ("Sadiku"), alleging employment discrimination on the basis of race and national origin, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-624 ("ADEA"). In his March 24, 2016 Amended Complaint, Plaintiff added Defendants Marcus Garvey, the Allure Group Inc., Cecile Carroll-Byfield ("Carroll-Byfield"), Frances Purcell, and Belva Purcell.[3]

On September 25, 2016, Plaintiff filed a motion for default judgment against Defendants Crown Heights, Marcus Garvey, the Allure Group, Inc., Carroll-Byfield, and Frances Purcell based on their failure to answer or otherwise respond to the Amended Complaint. On September 27,

---

[1] Since March 23, 2016, Plaintiff has been represented by counsel.

[2] By Memorandum and Order dated February 24, 2016, Mafutu Sadiku was dismissed from the case, with prejudice. However, Plaintiff's attorney moved for reconsideration of that dismissal to allow Plaintiff, now represented, to allege discrimination under New York law. The motion was granted on November 15, 2016.

[3] Plaintiff indicated that he is no longer pursuing claims against Belva Purcell. (R & R at 2.)

2016, the Court referred the motion for default judgment to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for a Report and Recommendation ("R & R").

On October 27, 2016, Plaintiff filed a motion seeking leave to file a Second Amended Complaint, which the Court also referred to the magistrate judge for an R & R.

On December 22, 2016, Plaintiff moved for an extension to serve Sadiku, which the magistrate judge decided together with the R & R.

On February 24, 2017, Magistrate Judge Pollak issued an R & R [4] with respect to the parties' motion for default judgment and motion seeking leave to file a Second Amended Complaint. The magistrate judge recommended that both motions be granted, except that the magistrate judge found that default judgment was not appropriate against Defendant Carroll-Byfield. (R & R at 2-3, 28, Dkt. Entry No. 37.)

On March 10, 2017, Plaintiff objected only to the recommendation that default judgment not be entered against Defendant Carroll-Byfield. (Pl. Objections ("Objections"), Dkt. Entry No. 38 at 1.) Plaintiff contends that he properly served Carroll-Byfield with the Amended Summons and the Amended Complaint. (*Id.*) No Defendant filed an objection to the R & R.

Upon due consideration and for the reasons set forth below, the Court adopts all portions of the R & R except as they pertain to Defendant Carroll-Byfield. The R & R is modified in that the Court finds that Carroll-Byfield was properly served, is subject to the jurisdiction of the Court, and default judgment also properly is entered as to her.

---

[4] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* Dkt. Entry 37.)

## STANDARD OF REVIEW

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). To make a prima facie showing that personal jurisdiction exists, a plaintiff must demonstrate: (1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction over the defendant; and (3) that exercise of jurisdiction over the defendant is in accordance with constitutional due process principles. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).

**A. Service of Process**

The magistrate judge denied entry of default judgment against Carroll-Byfield based upon an inadvertent misstatement of the record. The R & R incorrectly states that Plaintiff served the Amended Summons and Amended Complaint by leaving copies with someone of suitable age and discretion at Carroll-Byfield's Florida residence. (R & R at 26-27.) However, the record shows that Plaintiff personally served Carroll-Byfield with the Amended Summons and Amended Complaint at Defendant's Florida residence. (Stockman Decl. Ex. M., Dkt. Entry No. 30.) Because Plaintiff personally served Carroll-Byfield, service was proper under Federal Rule of Civil Procedure 4(e)(2)(A).

Service of process within a United States judicial district may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, service of process is effected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Under Fed. R. Civ. P. 4(e)(2)(A), service of process is proper when the individual is served personally in any judicial district of the United

States. *See Krantz & Berman, LLP v. Dalal,* No. 09 CIV.9339 (DLC), 2010 WL 1875695, at *3 (S.D.N.Y. May 11, 2010) (finding that service of process was proper when plaintiff personally served defendant in Texas); *JTH Tax Inc. v. Knight,* No. 2:13CV583, 2014 WL 1050905, at *7 (E.D. Va. Mar. 17, 2014) ("[A]ny individual . . . may be served in any judicial district of the United States by delivering a copy of the summons and of the complaint to the individual personally.")

**B. Personal Jurisdiction**

The magistrate judge concluded that the Court lacks personal jurisdiction over Carroll-Byfield because Plaintiff provided contradictory evidence that Carroll-Byfield resided in New York and that she resided in Florida. However, even if Carroll-Byfield is domiciled in Florida, the Court has personal jurisdiction over her.

The Court must engage in a two-step analysis to determine whether it has personal jurisdiction over a non-domiciliary in a case involving a federal question. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court must apply the forum state's long-arm statute. *Id.* New York's long-arm statute permits New York courts to exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state" as long as the cause of action arises from the transaction of business. *Mercator Risk Servs., Inc. v. Girden,* No. 08 CIV. 10795(BSJ), 2008 WL 5429886, at *2 (S.D.N.Y. 2008). Section 302(a) also confers jurisdiction over individual corporate officers who supervise and control an infringing activity. *Chloe*, 616 F. 3d at 164.

If New York's long-arm statute permits personal jurisdiction, the Court then must determine whether personal jurisdiction comports with Constitutional due process principles. *Chloe*, 616 F. 3d at 164. The Court must determine whether the defendant has sufficient minimum contacts with New York to justify the Court's exercise of personal jurisdiction. *Id.* The Court

5

then must evaluate whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Id.*

According to Plaintiff, Carroll-Byfield was Administrator and part of management of Marcus Garvey and Crown Heights, with the authority to hire and fire employees. (Am. Compl. ¶¶ 50-51, 75.) Carroll-Byfield allegedly supervised employees and controlled employee work schedules and conditions of employment, determined the rate and method of payment to employees, and maintained employment records. (*Id.* ¶ 52.) Carroll-Byfield allegedly participated in the discriminatory conduct complained of by Plaintiff, including participating in the decision to terminate Plaintiff. (*Id.* ¶ 53.) In his Objections, Plaintiff asserts that Carroll-Byfield moved from New York to Florida after she was involved in the decision to terminate Plaintiff. (Objections at 4.)

By administering or managing a company based in New York, and participating in the allegedly discriminatory firing of Plaintiff, Carroll-Byfield transacted business in New York. *See Mercator Risk Servs., Inc.*, 2008 WL 5429886, at *3 (finding personal jurisdiction over non-domiciliary employees for transacting business within New York by entering into an employment agreement with a New York-based employer, interacting with the New York office, and supervising other employees in the New York office). By engaging in an employment relationship with a New York company and working out of the New York office, Carroll-Byfield reasonably should have anticipated that she would be hailed into court in New York based on that relationship. *See Id*. at *4. Given the nature of Carroll-Byfield's contacts with New York, subjecting her to this Court's jurisdiction comports with notions of fair play and substantial justice.

## C. Merits

Because the magistrate judge found that the Court lacked personal jurisdiction over Carroll-Byfield, the R & R does not address the merits of entering a default judgment against her. (R & R at 27.) That portion of the magistrate judge's well reasoned R & R that addressed the merits of entering a default judgment against Defendant Frances Purcell, the Chairwoman of Marcus Garvey and Crown Heights' Board of Directors, is applicable in finding that Plaintiff also stated a valid claim of discrimination under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and § 1981 against Carroll-Byfield.

To establish a claim under the NYSHRL and the NYCHRL, a plaintiff must show that he was a member of a protected class, qualified for the position, and that he suffered an adverse employment action under circumstances giving rise to an inference of age discrimination. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466-67 (2d Cir. 2001). For the reasons stated by the magistrate judge, Plaintiff made out a *prima facie* case of age discrimination. (*See* R & R at 29-30.) Individuals may be found liable under the NYSHRL and the NYCHRL for "aiding and abetting" the discriminatory conduct of an employer. *Johnson v. County of Nassau*, 82 F. Supp.3d 533, 536 (E.D.N.Y. 2015). An individual need not have supervisory or hiring and firing power, but actually must have participated in the conduct giving rise to the claim of discrimination. *Davis-Bell v. Columbia Univ.,* 851 F. Supp.2d 650, 687 (S.D.N.Y. 2012). Plaintiff adequately pled that Carroll-Byfield violated the NYSHRL and the NYCHRL by alleging that Carroll-Byfield participated in the decision to terminate Plaintiff as part of a systematic campaign to rid her employer of all of its older and non-West Indian employees in the accounting department. (Am. Compl. ¶¶ 53, 71.)

7

Plaintiff adequately has stated a § 1981 claim against Carroll-Byfield, by alleging that she served as the Administrator of Marcus Garvey and Crown Heights, had the authority to hire and fire employees, supervised the conditions of their employment, and determined rates and methods of pay. (Am. Compl. ¶¶ 50-52.) Plaintiff also alleges that Carroll-Byfield participated in the decision to hire Mr. Sadiku, who, Plaintiff alleges, was younger and less experienced than Plaintiff, but was hired based on his age and West Indian origins. (*Id.* ¶ 75.) Finally, Plaintiff alleges that Carroll-Byfield participated in the decision to fire Plaintiff. (*Id.* ¶ 77.) These allegations have not been disputed. Thus, the Court finds that plaintiff adequately has alleged a §1981 claim against Carroll-Byfield.

**D. Damages**

The Court adopts the magistrate judge's calculation of damages, and finds that Carroll-Byfield, along with Defendant Frances Purcell and the other Defendants, shall be held jointly and severally liable under § 1981, the NYSHRL, and the NYCHRL for: 1) back pay in the amount of $485,416.03; 2) contributions to plaintiff's retirement account in the amount of $38,751.18; 3) sick pay in the amount of $32,901.94; 4) front pay in the amount of $208,513.69; 5) $30,000 in emotional distress damages; and 6) $1,116.46 in prejudgment interest. Carroll-Byfield is also liable with the other defendants for any additional amounts owed in back pay and pre-judgment interest that accrue past the date of the R & R until the entry of judgment, along with post-judgment interest, pursuant to 28 U.S.C. § 1961.

**E. Request for an Extension of Time to Serve Sadiku**

The magistrate judge recommended granting Plaintiff's request for an extension of time to serve Sadiku with the Amended Summons and Amended Complaint. (R & R at 58.) Acting upon that recommendation without waiting for this Court to adopt the R & R, Plaintiff served Sadiku.

(*See* Dkt. Entries No. 40, 41.) As such, Plaintiff's request is terminated as moot. However, because Plaintiff belatedly served Sadiku without the authority of this Court, the Court questions the validity of Plaintiff's service upon Sadiku.

**F. Default Judgment as to Remaining Parties**

Because no party objected to the magistrate judge's findings regarding defendants Crown Heights, Marcus Garvey, the Allure Group, and Frances Purcell, the Court reviews those portions of the R & R for clear error. Finding none, the Court adopts those portions in full.

## CONCLUSION

Based upon the foregoing reasons, the Court adopts all portions of the R & R except as they pertain to Defendant Carroll-Byfield, which are modified to conclude that Carroll-Byfield was properly served, properly is subject to the jurisdiction of the Court, failed to answer the Amended Complaint, and equally is liable to Plaintiff with the other defaulting defendants. Accordingly, it is hereby ORDERED that a default judgment be entered against all Defendants, including Defendant Carroll-Byfield.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge